**PENSACOLA YACHT CLUB v. STATE BEVERAGE DEPARTMENT, et al.**
No. 68-1081.

Circuit Court, Escambia County.

July 17, 1968.

John U. Thompson of Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, for the plaintiff.

William R. Phillips, Tallahassee, for the defendant State Beverage Department.

Dave Caton of Caton & Caton, Pensacola, for the defendant City of Pensacola.

J. McHenry Jones of Jones & Sims, Pensacola, amicus curiae.

ERNEST E. MASON, Circuit Judge.

*Order denying motion to dismiss and final declaratory judgment:* This case is before the court on final hearing and upon the motion of the defendants Meiklejohn, as director of the Florida State Beverage Department, and the Florida State Beverage Department to dismiss the complaint herein for failure to state a cause of action. The parties hereto have agreed that the ruling of the court upon the motion to dismiss shall be dispositive of this controversy.

This is a suit for declaratory judgment and for implementing injunctive relief brought by the Pensacola Yacht Club, a non-profit corporation against the city of Pensacola, the beverage director of the state of Florida and the state beverage department.

For the purposes of the motion to dismiss it is conceded that the plaintiff is a non-profit corporation existing under the laws of Florida doing business as a private social club and located in the city of Pensacola. That said plaintiff yacht club has been in existence for a great number of years. That among the services that the plaintiff club has rendered its members and non-resident guests is the service and distribution for consumption upon the premises of the plaintiff alcoholic beverages of various kinds and alcoholic content. That said plaintiff holds licenses issued by the state of Florida and the city of Pensacola which authorize it to sell, serve and distribute to its members and non-resident guests such alcoholic beverages.

Upon application for temporary injunction herein testimony was adduced to the effect that the defendant beverage department, and the defendant Meiklejohn as director thereof, up until approximately one year ago interpreted the beverage laws and the rules and regulations of the beverage department promulgated under authority of said laws to permit the sale on Sundays by social clubs such as the plaintiff herein of alcoholic beverages. But approximately one year ago the defendant, Meiklejohn, and said beverage department issued a directive

to the effect that social clubs such as is the plaintiff would thereafter be prohibited from selling, serving and distributing alcoholic beverages under their social club licenses on Sundays.

The defendant, the city of Pensacola, enacted an ordinance in 1950, amended in 1953, prohibiting the sale of alcoholic beverages on Sundays. But in the enforcement of the ordinance the defendant city has adopted the position that the ordinance was not operative against social clubs such as the plaintiff, and prior to the directive of the state beverage department aforesaid the police department of the city of Pensacola permitted such social clubs to sell, serve and distribute to their members and non-resident guests alcoholic beverages on Sundays. The city of Pensacola, although made a party defendant, has filed an answer in which it confesses the right of the plaintiff to sell, serve and distribute alcoholic beverages on Sundays under its social club licenses and prays that it be dismissed as a party defendant because of lack of a justiciable issue between it and the plaintiff. However, at the hearing on the application for temporary injunction there was testimony from the acting chief of police to the effect that because of the beverage department's directive the police were not permitting the plaintiff to operate under its social club licenses on Sundays. For that reason it would not be proper for this court to dismiss the city of Pensacola as a party defendant unless it should determine that the plaintiff is not entitled to the relief prayed for. It is true, however, that the real controversy here is between the state beverage department and the plaintiff.

It is the position of the state beverage department that the plaintiff club is unauthorized to sell, serve and distribute alcoholic beverages on Sundays because of the provisions of subsection 2 of §562.14 F. S. which prohibit the sale, consumption or service of any intoxicating beverage on a Sunday in any place holding a license under the beverage department of Florida, and because of rule 65A-3.19, Florida Administrative Code, which requires social clubs to observe the same hours of selling as are permitted other licensees in the same city. In adopting this position the defendants Meiklejohn and the state beverage department contend that the act of the plaintiff in selling, serving and distributing to its members and non-resident guests on Sundays is in direct contravention of the prohibition of subsection 2 of §562.14, and of the city ordinance aforesaid.

It is not contended that the plaintiff club is not a bona fide club, or that it exists as a subterfuge to circumvent laws and

municipal ordinances regulating alcoholic beverages, or that it serves persons alcoholic beverages other than its own members and their non-resident guests.

It is the position of the plaintiff club that it is authorized under its social club licenses to sell, serve and distribute to its members and their non-resident guests alcoholic beverages on Sundays, as well as on other days of the week, and that such acts on its part do not amount to "sales" prohibited either by the state beverage laws or the city ordinance of the city of Pensacola.

The proper disposition of this cause requires the interpretation of several sections of the Florida beverage laws, the administrative rule above referred to and the ordinance of the city of Pensacola aforesaid.

The particular sections of the beverage laws incorporated in the Florida Statutes and involved in the resolution of this question before the court, and a brief summary of their provisions and the effect thereof, are —

Subsection 2 of §562.14 prohibits the sale, consumption or service of any intoxicating beverage on a Sunday in any place holding a license under the beverage department of Florida.

The heading of §562.14 relates to "regulating the time for sale of alcoholic and intoxicating beverages; municipal and county regulations, etc." §562.14 as now found in Florida Statutes was first incorporated in its present language in chapter 23746, Laws of Florida, Acts of 1947. The title of that act, among other things, states that it is an act amending section(s) . . . 562.14, Florida Statutes, 1941, and further "regulating sales where consumption of beverages is permitted on premises" and . . . "regulating the hours of sale of alcoholic beverages", as well as amending other beverage laws of the State, among them §561.34. Florida Statutes 1941.

The 1941 version of §562.14 was as follows — "562.14 sale on Sunday prohibited; exception, cities may regulate. The sale of intoxicating liquors between the hours of twelve p.m., Saturday and twelve p.m., Sunday, is prohibited, except incorporated cities and towns may, by ordinance or resolution, hereafter regulate or prevent such sales."

Subsection (12) of §561.01 dealing with definitions under the beverage administration laws of Florida defines the term "sale" or "sell" as including "any transfer of an alcoholic beverage for a consideration or any gift of an alcoholic beverage in connection with, or as part of, a transfer of property other than

an alcoholic beverage for consideration, or the serving of an alcoholic beverage by a club licensed under the beverage law."

Subsection (9) of §561.01 declares that the term "beverage law" shall refer to chapters 561, 562, 567-569.

Subsection (3) of §561.14 defines vendors as "all persons. associations of persons or corporations selling the beverages herein referred to at retail only."

§561.34 classifies vendors and fixes the license fees to be paid within each class. Subsection (6) thereof provides that social clubs chartered for lawful purposes "shall before serving or distributing to their members or non-resident guests the beverages defined herein, whether such service or distribution be made upon contribution to the club of money or other device". pay annual license taxes of $125 to the state and like amount to the county.

This subsection then provides that the payment of such club license tax shall authorize the service and distribution to members and non-resident guests of the club only and "such service and distribution to said members and non-resident guests shall not be deemed sales within the meaning of the law in this state, but any service or distribution to anyone other than a member or non-resident guest of such licensed club shall be deemed a sale", and then "and any officer, member or employee of any such licensed club who shall sell or distribute or serve any such beverages to any person other than a member or non-resident guest of such club for money or other value shall be deemed guilty of selling such beverages without a license and shall be punished as provided by law."

The office of state beverage director is created by §§561.02-561.05 charged with the enforcement and administration of the beverage laws and rules and regulations of the state beverage department.

§561.11 empowers the beverage director to make, adopt amend and repeal such rules, regulations or administrative orders reasonably necessary for, or calculated to facilitate the enforcement or administration of the beverage laws.

Plaintiff club having been in continuous existence for many years more than two and having been organized for a lawful purpose and not for the purpose of evading license taxes, holds licenses under subsection (6) of §561.34 F. S., and its right to operate is determined by its status under this provision of the beverage law. The Supreme Court of this state has held that a

social club holding licenses under this subsection of the beverage law is not a retail liquor dealer within the meaning of a zoning ordinance of the city of Tampa and is not a seller of liquor within the meaning of the beverage law of the state. U. S. S. Tampa Post No. 5 of American Legion v. Schleman, Tax Collector, 53 So.2d 302. This is true because it is expressly stated in subsection 6, supra, that the "service and distribution to . . . members and non-resident guests shall not be deemed sales within the meaning of the law in this state." However, in the same paragraph of this subsection of the beverage law it is to be noted that not only is the "service or distribution" to anyone else in such club deemed a "sale", but "any officer, member or employee of any such licensed club who shall *sell* or *distribute* or *serve* any such beverages to any person other than a member or non-resident guest of such club for money or other value shall be deemed guilty of *selling* such beverages without a license . . ." (Italics added.) Although a special classification is granted such a club which permits it to sell, serve and distribute alcoholic beverages to its members and non-resident guests for a much lower license tax than that required of commercial vendors such special status is not granted to it because it is a charitable organization or because it serves or distributes such beverages free of charge. That the legislature contemplated that the service or distribution of an alcoholic beverage to a member or non-resident guest of such a club would be the incident of the passage of a consideration for such, and not as the incident of a gift, is evidenced by the language "whether such service or distribution be made upon *contribution* to the club of *money* or by *check* or other *device*" (Italics added) incorporated in the sentence of the subsection determining the right of such a club to serve or distribute alcoholic beverages to such a person after the payment of such lower license tax. Therefore, when the legislature declares that "service and distribution to said members and non-resident guests shall not be deemed sales within the meaning of the law in this state" it certainly contemplated that such service or distribution would be for a consideration and as the incident of an actual physical sale of the particular beverage. This conclusion is strengthened when this quoted language is followed by language incorporating the word "sell" in the phrase making it unlawful to serve or distribute under the lower license tax to non-members and resident guests. It follows under the statutory construction rule of noscitur a sociis that when the legislature here declares that the service or distribution by a social club of an alcoholic beverage to a member or non-resident guest is not deemed a *sale*

within the meaning of the beverage law it did not limit the term to the act of service or distribution standing apart from a physical sale for a consideration, but meant also that there is no such *sale* within the meaning of the beverage law even in such instance where the act of service or distribution follows from the payment of a consideration. We hold that the service or distribution of an alcoholic beverage by a social club such as is the plaintiff to its members and non-resident guests only is not a sale of such beverage within the meaning of the beverage law of Florida, whether such act flows from the passage of a consideration or not.

But, it is the contention of the defendants, Meiklejohn and the state beverage department, that because of the provisions of §562.14(2) and §562.14(3), F.S., supplemented by Administrative Rule 65A-3.19, social clubs such as is the plaintiff are prohibited from either selling or serving alcoholic beverages on Sundays. The pertinent provision of §562.14(2) relied upon declares that no intoxicating beverages may be sold, consumed or served, or permitted to be served or consumed, in any place holding a license under the state beverage department of Florida, between twelve o'clock midnight Saturday and seven o'clock a.m., Monday. §562.14(3) authorizes municipalities to regulate the hours of sale of alcoholic beverages within their limits independently of hours fixed by state law. The city of Pensacola's ordinance dealing with hours of sale prohibits the sale of alcoholic beverages after two-thirty o'clock a.m. on Sunday and before six o'clock a.m. the following Monday, and directs that places where such beverages are ordinarily sold shall remain closed during such time. The administrative rule of the beverage department directs social clubs to observe the same hours of sale as are permitted other licensees in the same city or county, unless a special act, ordinance or resolution establishes different hours of service for holders of such club licenses.

These provisions of the beverage law, the administrative rule and the city ordinance of Pensacola, all, and each, must be considered in pari materia with the provisions of §561.34(6), supra, because of §561.01(9) incorporating all of the sections of these two chapters, as well as of other named chapters, in the term "the beverage law" of Florida. Also the terms "sale", "sold", "consumed", "served", "hours of service", "hours of sale", and "sell" as used in §562.14, or the rule or ordinance, must be construed in the light of the language and phraseology used in the title of the parent legislative act of §562.14, namely: chapter 23746, Laws of Florida, Acts of 1947, as well as the

heading of §562.14. When this is done, it must be concluded that wherever the term *service* or *consumption* is used with reference to alcoholic beverages it is used in connection with *sales*.

Therefore, when the city of Pensacola by ordinance regulates the hours of sale of alcoholic beverages and which ordinance directs that "no sale shall be permitted from closing hour at two-thirty o'clock a.m. on Sunday morning until after six o'clock a.m. the following Monday morning", and which further directs that "no . . . club or other place where such beverages are ordinarily sold shall remain open during such hours" it is clear that it does not prohibit social clubs of the character of the plaintiff from serving and distributing such beverages to its members and non-resident guests, for the reason that such serving and distribution are not sales within the proscription of the beverage law of Florida.

Nor is such service or distribution proscribed by §562.14(2), or Administrative Rule 65A-3.19, and for the same reason.

If there ever were any doubt that service of alcoholic beverages by a social club of the character of the plaintiff to its members and non-resident guests on Sundays is not forbidden by the beverage law of Florida, such doubt must disappear because of the decision of the Supreme Court in the Legion Post case, supra. There the court held that such service was not a sale within the purview of a municipal ordinance which zoned against the sale of alcoholic beverages in certain areas of Tampa. There the city was regulating the places of sale; here we are concerned with regulations of hours of sale. In principle, there is no difference for if the service by a social club of alcoholic beverages to its members and non-resident guests is not a sale proscribed by an ordinance regulating places of sale, then logically such service is not a sale proscribed either by an ordinance or statute proscribing hours of sale.

We hold that neither ordinance §4-2 (Code 1950; Ord. No. 32-53) of the city of Pensacola, nor §562.14 F.S., nor Administrative Rule 65A-3.19 of the state beverage department prohibits the plaintiff, Pensacola Yacht Club, from serving or distributing alcoholic beverages to its members or non-resident guests on Sundays or other times, so long as it complies with other provisions of the beverage law of Florida applicable to it.

It is ordered and adjudged that the motions of the several defendants to dismiss the complaint herein are denied.

It is further ordered and adjudged that the temporary injunction and restraining order heretofore entered herein be and it is made permanent, and the defendant, Don Meiklejohn, as director of the Florida State Deverage Department, the Florida State Beverage Department and the City of Pensacola, Florida, each is restrained from instituting any legal or administrative proceeding against the plaintiff, Pensacola Yacht Club, to prevent or to otherwise interfere with said plaintiff in the service and distribution by it to its members and non-resident guests of alcoholic and intoxicating beverages under the licenses heretofore issued to said plaintiff.